UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KISHORE JAYAKUMAR,

Plaintiff,

v.

MICHIGAN HEALTH CLINICS, P.C.;
DAVID STOCKMAN;
MAGDALENA PEREZ; and
BRIAN HART,

Defendants.

Case No. 1:26-cv-11779

Honorable Susan K. DeClercq
United States District Judge

and

DR. KISHORE JAYAKUMAR,

Plaintiff,

v.

JENNIFER PENNING,

Defendant.
_________________________________/

Case No. 1:26-cv-13091

Honorable Susan K. DeClercq
United States District Judge

**ORDER CONSOLIDATING CASES**

Before this Court are two cases filed by the same plaintiff arising from the same employment relationship and alleged nonpayment of wages. They involve common factual questions and will therefore be consolidated.

Consolidation is governed by Civil Rule 42(a). *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010 (6th Cir. 1993). That rule authorizes courts to consolidate civil actions when they "involve a common question of law or fact." FED. R. CIV. P. 42(a)(2). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court." *Cantrell*, 999 F.2d at 1011 (citation omitted).

In Case No. 1:26-cv-11779, Dr. Kishore Jayakumar originally filed suit in the U.S. District Court for the District of Columbia on June 26, 2024, before the action was transferred to this District. *Jayakumar v. Michigan Health Clinics, P.C.*, No. 1:26-cv-11779 (E.D. Mich.), ECF No. 1 at PageID.1–10. In his operative amended complaint, Jayakumar alleges that Michigan Health Clinics, P.C. ("MHC"), David Stockman, Magdalena Perez, and Brian Hart failed to pay wages he earned under an RVU-based employment agreement. *Id.*, ECF No. 2 at PageID.11–21. He alleges that he earned $141,972.60 but received only $10,500, leaving $131,472.60 unpaid, and asserts claims under the District of Columbia Wage Payment and Collection Law, for breach of contract, and for fraud. *Id.* at PageID.14–21.

On August 28, 2026, Jayakumar filed a second action against Jennifer Penning, a former MHC Chief Nursing Officer who allegedly participated in recruiting him. *Jayakumar v. Penning*, No. 1:26-cv-13091 (E.D. Mich. Aug. 28, 2026), ECF No. 1 at PageID.1–3. He alleges that Penning discussed the same RVU-

based compensation arrangement and concealed MHC's recurring payroll problems and prior failure to pay another dermatologist, and he asserts claims for fraud and negligent misrepresentation. *Id.* at PageID.3–12. The complaint expressly identifies Case No. 1:26-cv-11779 as a related action arising from Jayakumar's employment with MHC and resulting unpaid wages. *Id.* at PageID.2.

The cases thus arise from the same operative facts. Although the defendants and legal claims differ, both concern Jayakumar's recruitment, representations about MHC's RVU compensation and payroll practices, and the same alleged unpaid wages. They will require substantially overlapping discovery. Consolidation will not prejudice the parties and will resolve the dispute more efficiently for both the parties and this Court.

Accordingly, it is **ORDERED** that *Jayakumar v. Michigan Health Clinics, P.C.*, No. 1:26-cv-11779, and *Jayakumar v. Penning*, No. 1:26-cv-13091, are **CONSOLIDATED** into one proceeding under Civil Rule 42(a). The parties are **DIRECTED** to file all motions, responsive materials, and any other filings under case number **1:26-cv-11779**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 15, 2026